# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    v.<br>EDRICK MCCROEY,<br>    Defendant. | Case No. 20-mj-70402 (NC)<br>**DETENTION ORDER**<br>Hearing: April 9, 2020 |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142, the Court on April 9, 2020, held a detention or release hearing for defendant Edrick McCroey. The Court concluded that McCroey must be detained due to a risk of danger to the community.

McCroey is charged by criminal complaint in this judicial district for one felony count of felon in possession of a firearm and ammunition (18 U.S.C. § 922(g)(1)). *See* Complaint, ECF 1, filed 4/6/2020. He is presumed innocent of the charge and nothing in this order may be construed as evidence of his guilt. He appeared at the detention hearing with his appointed counsel, AFPD Varell Fuller. McCroey was advised of his rights and was advised that he may appeal this detention order to the general duty U.S. District Court Judge. All parties and their counsel participated in the hearing by telephone. McCroey consented to telephonic participation and the Court found that a video conference

connection was not available.

Both parties presented their factual assertions by proffer. The parties and the Court were assisted by a pre-bail report prepared by Pretrial Services.

Based on the information presented to the Court and considering all the factors set forth in 18 U.S.C. § 3142(g), the Court determined that the prosecution has shown by more than clear and convincing that there is no combination of conditions that will reasonably assure the safety of the community. The facts underlying this conclusion are set forth in the Pretrial Services Report, which recommended detention: the nature and circumstances of the charged offense and the weight of the evidence; a pending state court domestic abuse charge; a prior conviction for assault and infliction of corporal injury on spouse or cohabitant; and the supervisory report of the defendant's probation officer. As to risk of non-appearance, these same factors create a risk of non-appearance, but those factors could be mitigated by a combination of conditions including electronic monitoring.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Date: April 12, 2020

_____
Nathanael M. Cousins
United States Magistrate Judge